FLORENCE B. FAWSETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37848.    Promulgated July 15, 1931.

*Charles F. Fawsett, Esq.*, and *Richard S. Doyle, Esq.*, for the petitioner.

*P. A. Bayer, Esq.*, for the respondent.

OPINION.

McMahon: The petitioner contends that the above facts show that the joint adventure " was not closed until the 2nd day of June, 1930, during all of which time the amounts paid and liabilities incurred in the adventure exceeded the returns therefrom and until the adventure was closed it could not be known or determinable whether there would be a profit or loss in the adventure," and that " there was therefore no determinable taxable gain to the petitioner in 1925 or until the adventure was closed in 1930." In her argument petitioner points out that she contributed $12,774.10 in cash toward the purchase price " and $20,000 of absolute unconditional liability on the notes making the sum of $32,774.10 which continued unabated throughout the year 1925, * * * "; and that since the latter sum is in excess of the amount she received, that is, $30,916.15, " there can be no net profit or taxable gain from a sale of property until " she " has received more than " she " paid including the amount " she " is obligated to pay."

Questions of postponing tax liability until transactions have been concluded in later years have been before the Board in numerous cases and we have uniformly held that the income tax is imposed on an annual basis, and its imposition can not await the winding up of a business, but is imposed annually upon the gains which arise from transactions from year to year. *Atkins Lumber Co.*, 1 B. T. A. 317; *R. E. Thompson et al.*, 7 B. T. A. 391; *Cleveland Railway Co.*, 10 B. T. A. 310; *C. H. Swift & Son Co.*, 13 B. T. A. 138; *Deer Island Logging Co.*, 14 B. T. A. 1027; *Arthur H. Earle*, 15 B. T. A. 668; affd., 38 Fed. (2d) 965; and *American Industrial Corporation*, 20 B. T. A. 188.

In the last mentioned case the Board, in speaking of the principle for which petitioner is now contending, said (p. 197):

* * * Upon the petitioner's theory its tax liability can be projected indefinitely into the future and, in effect, the Government must assume the hazards of the business with no share in its management and must await collection of its revenue until it is the petitioner's pleasure to conclude its operations. Speaking of an analogous contention, the Board said, in *Mesta Machine Co.*, 12 B. T. A. 523, 537, that it " would enable a taxpayer to postpone indefinitely the return of income which has actually been received, which result in our opinion, is inconsistent with the theory of the tax laws."

There can be no doubt in this case that petitioner realized a taxable profit of $18,142.05, nor is there any doubt about the year 1925 being the year in which such profit was actually received. Since there is no evidence to show whether petitioner operated upon the

cash receipts and disbursements or upon the accrual basis, we must assume that she operated upon the former basis. *Stanley C. Warrick*, 20 B. T. A. 220, and *Otto Braunwarth*, 22 B. T. A. 1008. The only question is whether the liability of the petitioner upon the notes and the mortgages is such as to prevent us from holding that a taxable transaction occurred in July, 1925. We think the stipulated facts amply support and corroborate the conclusion that the transaction was closed and completed for income-tax purposes in 1925. After July, 1925, there was a possibility that petitioner would have to meet her pro rata share of the promissory notes given in purchase of the real estate, since the mortgagee could waive the mortgage and sue on the notes. *Taylor* v. *American National Bank of Pensacola*, 63 Fla. 631; 57 So. 678. However, this possibility at the end of the calendar year 1925 was so remote that the respondent was justified in holding that a taxable transaction resulted then upon the transfer to the corporation. *Six Hundred and Fifty West End Ave. Co.*, 2 B. T. A. 958. If we are to look to the facts occurring subsequent to the taxable year, then the conclusion is inescapable that petitioner realized her gain in 1925, because the proceeds of the foreclosure sale were sufficient to satisfy the unpaid balances on the mortgages.

We have examined *Schneider, Trustee* v. *Lucas*, 47 Fed. (2d) 1006, cited by petitioner in her brief, which was reversed by the U. S. Court of Appeals, Sixth Circuit, March 6, 1931, and we are satisfied that it is distinguishable from the instant proceeding.

*Decision will be entered for the respondent.*